IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY SPEARS, *et al.*,      :

     Plaintiffs,      :

               Case No. 3:08CV331

       vs.      :

               JUDGE WALTER HERBERT RICE

CHRYSLER, LLC, *et al.*      :

     Defendants.      :

---

DECISION AND ENTRY OVERRULING, IN PART, AND SUSTAINING,
IN PART, DEFENDANTS' MOTION TO DISMISS OR STAY (DOC. #28);
ADOPTING, IN PART, AND REJECTING, IN PART, MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #45) AND
OVERRULING, IN PART, AND SUSTAINING, IN PART, DEFENDANTS'
OBJECTIONS THERETO (DOC. #53); INSTRUCTIONS TO PLAINTIFFS

---

The Plaintiffs[1] are residents and property owners in Dayton, Ohio, who live

near an industrial facility that was allegedly owned, operated, or formerly operated

by the following named Defendants:  Chrysler, LLC ("Chrysler"); Behr Dayton

Thermal Products, LLC and Behr America, Inc. (Behr Dayton Thermal Products, LLC

and Behr America, Inc. referred to, collectively, as "Behr"); and Behr Dayton

Thermal Plant, LLC. Doc. #3 (Am. Compl.).  The Plaintiffs bring suit against the

Defendants for alleged contamination of their property and persons "with toxic,

---

[1]The named Plaintiffs are Kimberly Spears, Kirk Hubert and Angela Norman,
individually and as mother and natural guardian of Tanisha Norman, a minor. Doc.
#3 (Am. Compl.).

carcinogenic and otherwise ultra hazardous chemicals." Id. ¶ 1.  The Plaintiffs

bring this litigation under Ohio law,[2] seeking certification of a class of Plaintiffs and

alleging various state law claims, to wit:  trespass (Count I); private nuisance

(Count II); unjust enrichment (Count III); strict liability (Count IV); negligence (Count

V); negligence per se (Count VI); medical monitoring (Count VII); battery (Count

VIII); intentional fraudulent concealment (Count IX); negligent fraudulent

concealment (Count X); negligent misrepresentation (Count XI); civil conspiracy

(Count XII); and punitive/exemplary damages (Count XIII). Id.  In their prayer for

relief, the Plaintiffs ask to be certified as a class, that the Defendants finance

various costs associated with medical monitoring, and that judgment be entered in

favor of the class for costs incurred in medical monitoring, loss of property value,

---

[2]The Magistrate Judge noted that the Amended Complaint does not raise any federal claims, but that jurisdiction seems to be vested in this Court under the provisions of 28 U.S.C. § 1332(d)(2). Doc. #45 at 3 n.2.  That Code Section provides that a district court has original jurisdiction of any civil action in which the matter in controversy exceeds the sum of $ 5,000,000, and (among other alternatives) is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Although the Amended Complaint does not specify that the matter in controversy exceeds the sum of $5,000,000, the Defendants do not object to this jurisdictional premise and, thus, the Court will proceed on the assumption that it has jurisdiction under that Code Section. See also 28 U.S.C. § 1332(a)(1) (noting prerequisites of traditional diversity jurisdiction); Doc. #3 (Am. Compl.) at 5-6 (indicating that named Plaintiffs are citizens of Ohio and Defendants are citizens of Delaware; the filed copy of the Amended Complaint is actually missing page 5, which gives details of named Plaintiffs, but the original Complaint (Doc. #2) indicates that all named Plaintiffs are Ohio citizens).  At the end of this Opinion, the Court has instructed the Plaintiffs to file a Second Amended Complaint, in order to correct the filing error with regard to the omitted page 5, as well as to address other noted deficiencies.

attorneys' fees and costs. Id. at 36.

Presently before the Court is the Defendants' Motion to Dismiss or Stay (Doc. #28), as well as the Magistrate Judge's Report and Recommendations (Doc. #45) and the Defendants' objections thereto (Doc. #53).

Initially, the Court notes that the Defendants request that all claims against Defendant "Behr Dayton Thermal Plant, LLC" be dismissed, given that the same is not a legal entity. Doc. #28 at 1 n.1.  The Plaintiffs do not dispute this assertion and, thus, the Court SUSTAINS the Defendants' Motion to Dismiss (Doc. #28), as it pertains to all claims pending against Defendant Behr Dayton Thermal Plant, LLC.

In their Motion, the Defendants also assert the following:  (1) that the Amended Complaint must be dismissed or stayed, under the doctrine of primary jurisdiction (with regard to the on-going investigation and remediation/mitigation by the United States Environmental Protection Agency and the Ohio Environmental Protection Agency); (2) that certain Counts of the Amended Complaint (Counts III, VI-XIII) be dismissed, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted; and (3) that certain Counts of the Amended Complaint (Counts IX-X) be dismissed, under Rule 9(b), for failure to plead fraud with particularity. Doc. #28.  With the exception of the claims for medical monitoring and punitive/exemplary damages (Counts VII and XIII), the Magistrate Judge disagreed with the Defendants, on all contentions, finding that the case should not be dismissed or stayed under the doctrine of primary

3

jurisdiction, that the Amended Complaint sufficiently stated claims, for all other contested causes of action, and that the fraud claims were pled with sufficient particularity. Doc. #45.  The Defendants object to the Magistrate Judge's Report and Recommendations, with regard to the conclusions pertaining to the doctrine of primary jurisdiction and as to whether Counts IX-XII were sufficiently pled. Doc. #53.

The Court will begin its analysis with a review of the pertinent facts and the legal standards that guide its decisions herein.  It will then turn to a consideration of the present Motion, first looking at the doctrine of primary jurisdiction and then at the claims challenged as insufficiently pled.


I.    Facts

The Plaintiffs reside on Taylor Street in Dayton, Ohio. Doc. #2 (Compl.) ¶¶ 13-16; Doc. #3 (Am. Compl.) ¶ 16.  Until 2002, Chrysler owned and operated an industrial facility at 1600 Webster Street in Dayton, Ohio — in the vicinity of Taylor Street. Doc. #3 ¶¶ 21-22.  Since 2002, Behr has owned and operated the facility. Id.  According to the Plaintiffs, the Defendants caused trichloroethylene and other ultra hazardous substances to be released from their facility and to enter onto the Plaintiffs' property, contaminating water, soil, vegetation, air, water, land and dwellings. Id. ¶ 1.  The Plaintiffs further allege that the Defendants have been aware of the contamination for years and  "engaged in a conspiracy to perpetrate a

4

fraud on the public, which included making material misrepresentations regarding the character of their operations, their remediation efforts, and the risks posed to human health." Id. ¶ 2.

As to the involvement of the United States Environmental Protection Agency ("EPA") and the Ohio Environmental Protection Agency ("Ohio EPA"), the Plaintiffs assert that both agencies have identified the facility "as the source of the large plume of groundwater contaminated with trichloroethylene and other hazardous substances." Id. ¶ 26. According to EPA public records,[3] the EPA has begun an administrative investigation regarding the facility. *EPA's HRS Documentation Record for Behr Dayton Thermal System VOC Plume*, at http://www.epa.gov/ superfund/sites/docrec/pdoc1786.pdf at 10-14. On December 19, 2006, Chrysler and the EPA entered into an Administrative Order by Consent ("AOC") to conduct vapor intrusion investigation and mitigation. Id. at 13. In accordance with the AOC, Chrysler took steps to remediate and mitigate the contamination through vapor abatement systems and soil vapor extraction systems. Id. at 13-14. The EPA has also sought to list the area subject to this process on the National

---

[3]Both parties, as well as the Magistrate Judge, rely on certain public records, in arguing and analyzing the present Motion. The Court agrees that consideration of the same is appropriate in ruling on a Motion to Dismiss, under Rule 12(b)(6). Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.") (quoting Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997)).

Priorities List, for further investigation and remedial action. *EPA National Priorities List - Behr Dayton Thermal System VOC Plume*, at http://www.epa.gov/superfund/sites/*pl/nar1786.htm.

II.     Legal Standards

     A.     Review of Magistrate Judge's Report and Recommendations

     The Defendants' Motion to Dismiss is a dispositive motion.  Therefore, pursuant to 28 U.S.C. § 636(b)(1), this Court must conduct a *de novo* review of the Magistrate Judge's Report and Recommendations. United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001) (noting that district courts must conduct a *de novo* review of dispositive motions, while the clearly erroneous standard of review is applicable to non-dispositive motions).

     B.     Motion to Dismiss for Failure to State a Claim, under Federal Rule of Civil Procedure 12(b)(6)

     In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th  Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th  Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as

6

true." Id. (citation omitted).

Id. at 424. In <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002), the Supreme

Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires

that a complaint contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Id. at 212. Therein, the Court explained further:

> Such a statement must simply "give the defendant fair notice of what
> the plaintiff's claim is and the grounds upon which it rests." <u>Conley v.
> Gibson</u>, 355 U.S. 41, 47 (1957). This simplified notice pleading
> standard relies on liberal discovery rules and summary judgment
> motions to define disputed facts and issues and to dispose of
> unmeritorious claims. See id., at 47-48; <u>Leatherman v. Tarrant County
> Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168-169
> (1993). "The provisions for discovery are so flexible and the
> provisions for pretrial procedure and summary judgment so effective,
> that attempted surprise in federal practice is aborted very easily,
> synthetic issues detected, and the gravamen of the dispute brought
> frankly into the open for the inspection of the court." 5 C. Wright & A.
> Miller, <u>Federal Practice and Procedure</u> § 1202, p. 76 (2d ed. 1990).

Id. at 512-13. In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the

Supreme Court rejected the standard established in <u>Conley v. Gibson</u>, 355 U.S. 41,

45-46 (1957), that a claim should not be dismissed "unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." The Supreme Court recently expounded upon

<u>Twombly</u> in <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937 (2009), writing:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain
> a "short and plain statement of the claim showing that the pleader is
> entitled to relief." As the Court held in <u>Twombly</u>, 550 U.S. 544, the
> pleading standard Rule 8 announces does not require "detailed factual
> allegations," but it demands more than an unadorned,
> the–defendant–unlawfully– harmed–me accusation. Id., at 555

7

(citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949-50.

In sum, on the plausibility issue, the factual allegations in the complaint need

to be sufficient "to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949-50). Further, "a legal conclusion [may not be] couched as a factual allegation" and mere "recitations of the elements of a cause of action" are insufficient to withstand a motion to dismiss. Id. (quoting Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009)).

      C.    Rule 9(b)'s Requirement to Allege Facts with Particularity

With regard to the two fraud claims, the Defendants contend that the Plaintiffs' Amended Complaint fails to allege facts, with sufficient particularity. The Federal Rules of Civil Procedure provide that when alleging fraud, "a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. Proc. 9(b). As to Rule 9(b)'s additional pleading requirements for fraud claims, the Sixth Circuit explains that,

> Although Rule 9(b)'s special pleading standard is undoubtedly more demanding than the liberal notice pleading standard which governs most cases, Rule 9(b)'s special requirements should not be read as a mere formalism, decoupled from the general rule that a pleading must only be so detailed as is necessary to provide a defendant with sufficient notice to defend against the pleading's claims.

United States ex rel. Snapp, Inc. v. Ford Motor Co., 532 F.3d 496, 503 (6th Cir. 2008) (citing, among others, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197,

9

2200, 167 L. Ed. 2d 1081 (2007)). With regard to the interplay between Rule 9(b)

and the policy favoring simplicity in pleadings, as expressed in Rule 8, the Sixth

Circuit states that Rule 9(b)'s additional pleading requirements "should not be read

to defeat the general policy of 'simplicity and flexibility' in pleadings contemplated

by the Federal Rules." Id. at 503-04 (quoting Michaels Bldg. Co. v. Ameritrust Co.,

N.A., 848 F.2d 674, 678 (6th Cir. 1988)).

> Rather, Rule 9(b) exists predominantly for the same purpose as Rule 8:
> "to provide a defendant fair notice of the substance of a plaintiff's
> claim in order that the defendant may prepare a responsive pleading."
> Rule 9(b), however, also reflects the rulemakers' additional
> understanding that, in cases involving fraud and mistake, a "more
> specific form of notice" is necessary to permit a defendant to draft a
> responsive pleading.

Id. at 504 (quoting Michaels Bldg. Co., 848 F.2d at 678; United States ex rel.

Bledsoe v. Cmty. Health Sys., 501 F.3d 493, 503 (6th Cir. 2007)).


III.   Analysis of Defendants' Motion to Dismiss or Stay (Doc. #28)

As previously noted, given the involvement by the EPA and Ohio EPA at the

site in question, the Defendants first argue that the Plaintiffs' Amended Complaint

should be dismissed or that the litigation should be stayed, under the doctrine of

primary jurisdiction.   Alternatively, the Defendants ask the Court to dismiss certain

of the Plaintiffs' claims, under Rules 9(b) and 12(b)(6). The Court will address

these arguments in turn.

10

A.    Doctrine of Primary Jurisdiction

In applying the doctrine of primary jurisdiction, "federal courts ... abstain from hearing certain administrative-related matters until the appropriate agency has had the opportunity to interpret unanswered technical and factual issues." Fieger v. U.S. Atty. Gen., 542 F.3d 1111, 1121 (6th Cir. 2008).  The doctrine "arises when a claim is properly cognizable in court but contains some issue within the special competence of an administrative agency." United States v. Any & All Radio Station Trans. Equip., 204 F.3d 658, 664 (6th Cir. 2000) (quoting United States v. Haun, 124 F.3d 745, 749 (6th Cir. 1997)).  Primary jurisdiction is limited, however, to "cases where protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." Fieger, 542 F.3d at 1121 (quoting United States v. Philadelphia Nat'l Bank, 374 U.S. 321, 353, 83 S. Ct. 1715, 10 L. Ed. 2d 915 (1963)).

> When the doctrine applies, court proceedings are stayed so that the
> agency may bring its special competence to bear on the issue.
> Unfortunately, "no fixed formula exists for applying the doctrine[.]"
> Rather, "in every case the question is whether the reasons for the
> existence of the doctrine are present and whether the purposes it
> serves will be aided by its application in the particular litigation."

Any & All Radio Station, 204 F.3d at 664 (citing Haun, 124 F.3d at 749 and quoting United States v. Western Pacific. R. Co., 352 U.S. 59, 64, 1 L. Ed. 2d 126, 77 S. Ct. 161 (1956)).

In the present case, the Magistrate Judge recommended that the Defendants' request for dismissal or stay, pursuant to the primary jurisdiction

11

doctrine, be overruled. Doc. #45 at 6-10.  While the Magistrate Judge opined that

the EPA undoubtedly has expertise and experience in at least some of the technical

and factual issues in this case, she concluded that the Defendants had not

provided sufficient information about the EPA's investigation and remediation

efforts to warrant a dismissal or stay, at this early (pre-summary judgment) stage

of the litigation.

Defendant Behr[4] objects to the Magistrate Judge's recommendations. Doc.

#53 at 3-6.  Behr's objections are as follows:  (1) the facts, as noted above,

indicate that the EPA is involved in investigating and remediating the contaminated

site and, thus, it is clear that the case involves technical or policy considerations

within the EPA's expertise and, therefore, there is a possibility of inconsistent

rulings, if this Court becomes involved; (2) the Magistrate Judge places undue

importance on the "present posture" of this case, given that the Court may

ultimately be asked to determine an appropriate investigatory and remediation plan,

thereby conflicting with the EPA's area of expertise; (3) the Magistrate Judge did

not properly distinguish between the Plaintiffs' claims for monetary and injunctive

relief, and courts have found that staying requests for injunctive relief, in cases

such as the present, is appropriate; and (4) the requests for monetary damages

should also be stayed, in that it is too early to predict the future impact of the

_____

[4]Defendants Chrysler and Behr joined in filing the Motion to Dismiss or Stay that is the subject of this Opinion. Doc. #28.  Defendant Behr alone filed an objection to the Report and Recommendations, however. Doc. #53; see also Doc. #49 (Chrysler Not. of Sugg. of Bankr.).

alleged contamination on health and property values.

The Court concurs with the Magistrate Judge's recommendation that this litigation not be dismissed or stayed, under the primary jurisdiction doctrine. Initially, the Court notes that courts generally stay litigation, pending an agency's resolution of a matter, rather than dismissing it. Schwartzman, Inc. v. Atchison, T. & S.F. Ry., 857 F. Supp. 838, 844 (D.N.M. 1994) ("Defendant is requesting the Court to dismiss Plaintiff's injunctive relief claims pursuant to the doctrine of primary jurisdiction.  However, the preferred approach is that 'jurisdiction should be retained by a stay of proceedings, not relinquished by a dismissal' . . . .") (quoting N. Cal. Dist. Council of Hod Carriers, AFL-CIO v. Opinski, 673 F.2d 1074, 1076 (9th Cir. 1982)); Leib v. Rex Energy Operating Corp., 2008 U.S. Dist. LEXIS 102847, *41 (S.D. Ill. Dec. 19, 2008) ("When a court chooses to exercise primary jurisdiction, it does not dismiss the litigation but stays it pending the results of the agency's resolution of the issue, and the action resumes after the agency's decision if that decision has not resolved the entire controversy.") (citing, among others, Baker v. IBP, Inc., 357 F.3d 685, 688 (7th Cir. 2004)).  Thus, if the Defendants' request had been well taken, the Court would have stayed the instant litigation, rather than dismissing it.

However, as previously indicated, the Defendants' request is not well taken. Turning first to the Plaintiffs' request for monetary damages and medical monitoring, such are the province of the courts, rather than the EPA, and thus, staying the litigation under the primary jurisdiction doctrine is inappropriate. Stoll v.

13

Kraft Foods Global, Inc., 2010 U.S. Dist. LEXIS 92926 (S.D. Ind. Sept. 6, 2010)

("[T]he primary jurisdiction doctrine cannot be used to dismiss or stay claims

seeking recovery of monetary damages.") (citing, among others, Feikema v.

Texaco, Inc., 16 F.3d 1408, 1417-18 (4th Cir. 1994)); Peters v. Astrazeneca, LP,

417 F. Supp. 2d 1051, 1058 (W.D. Wis. 2006) (concluding that courts may refuse

to stay proceedings, under the primary jurisdiction doctrine, when plaintiffs are

seeking damages for injury to person or property, "as this is the type of relief

courts routinely evaluate") (citing Ryan v. Chemlawn Corp., 935 F.2d 129, 131

(7th Cir. 1991)).  Therefore, the Defendants' Motion to Stay (Doc. #28) is

OVERRULED, as it pertains to the Plaintiffs' claims for monetary damages and

medical monitoring.

Considering now the Plaintiffs' request for injunctive relief, the Court notes

initially that there is a lack of clarity about whether the Plaintiffs are, in fact,

requesting the same.  As noted above, in their prayer for relief, the Plaintiffs ask

that the Defendants be held liable for various costs associated with medical

monitoring and loss of property value, but they do not request injunctive relief.

Doc. #3 (Am. Compl.) at 36.  However, some of the provisions within the

Amended Complaint could be read to be indicate that the Plaintiffs are seeking the

same. See e.g., id. ¶ 58 ("Defendants have acted on grounds generally applicable

to all members of the proposed classes making final declaratory and injunctive

relief concerning the classes as a whole appropriate.").  The Plaintiffs' memoranda

14

in opposition to the Defendants' Motion add further confusion to the question, in that they seem to indicate both that the Plaintiffs <u>do not</u> intend to seek injunctive relief and that they <u>do</u>. Doc. #30 at 8 ("Defendants' entire argument rests . . . on irrelevant cases in which plaintiffs sought injunctive relief, rather than damages"); <u>id.</u> at 19 ("Even if plaintiffs were to seek certain injunctive relief . . . .); Doc. #55 at 11 (stating that the "EPA has neither the mandate nor the financial resources to compensate plaintiffs for their damages and may be incapable of providing certain necessary injunctive relief"); <u>id.</u> at 12 (arguing that "staying this case would unfairly prolong plaintiffs' exposure to Behr's toxic chemicals, present significant additional health risks, and delay medical monitoring"). In resolving the question that is currently before it, the Court will proceed on the assumption that the Plaintiffs <u>are</u> seeking injunctive relief, in the form of remediation, mitigation or the like. However, the Court orders the Plaintiffs to file a Second Amended Complaint, as provided *infra*, for the purpose of clarifying whether they are seeking injunctive relief and, if so, what kind.

Moving to the merits of the Defendants' primary jurisdiction argument and the Plaintiffs' request for injunctive relief, the Court once again concurs with the Magistrate Judge. While remediation and mitigation of superfund sites are certainly within the expertise of the EPA, courts typically resolve questions of primary jurisdiction regarding such claims, at the summary judgment stage of litigation, rather than at the motion to dismiss stage. <u>Holder v. Gold Fields Mining</u>

15

Corp., 506 F. Supp. 2d 792 (N.D. Okla. 2007); Schwartzman, Inc. v. Atchison, T.

& S.F. Ry., 857 F. Supp. 838 (D.N.M. 1994).  Such an approach is especially

warranted in the present case, given that there is currently no information in either

the Amended Complaint or the public records highlighted in the Facts Section

above (and pointed to by the Defendants) that in any way ties Defendant Behr (as

opposed to Defendant Chrysler) to the EPA's remediation activities at the site.  For

example, the EPA's *HRS Documentation Record for Behr Dayton Thermal System*

*VOC Plume* indicates that Chrysler (not Behr) and the EPA entered into an AOC to

conduct vapor intrusion investigation and mitigation, but does not indicate that

Behr is in any way involved in those actions.

http://www.epa.gov/superfund/sites/docrec/pdoc1786.pdf at 10-14.  Further,

there is no indication as to whether Chrysler is still involved in the remediation and

mitigation efforts.

   The Defendants are not foreclosed from requesting a stay of proceedings, as

to the Plaintiffs' request for injunctive relief, should they ultimately set forth

sufficient facts to indicate that protection of the integrity of the regulatory scheme

in question dictates preliminary resort to the EPA. See Fieger, 542 F.3d at 1121.

Such a request is premature, at this juncture, however.  Therefore, the Defendants'

Motion to Stay (Doc. #28) is OVERRULED, as it pertains to the Plaintiffs' claims for

injunctive relief.

B.   Whether Certain Claims Should be Dismissed for Failure to State
     Claims and/or Failure to Plead Fraud with Particularity

As previously noted, the Defendants have moved to dismiss certain of the

Plaintiffs' claims (Counts III, VI-XIII) for failure to state a claim, under Rule 12(b)(6),

and for failure to plead fraud with particularity.  The Magistrate Judge recommends

that the Defendants' Motion be overruled, as to all claims except for the claims for

medical monitoring (Count VII) and for punitive/exemplary damages (Count XIII).

Doc. #45 at 10-19.  As to those two claims, the Magistrate Judge properly

recognizes that Ohio law does not recognize independent causes of action for the

same and the Plaintiffs concede the merits of such a conclusion. Id. at 19; Doc.

#30 at 24.  Thus, the Defendants' Motion to Dismiss (Doc. #28) Counts VII and

XIII is SUSTAINED.

With regard to the remaining claims, the Defendants do not object to the

Magistrate Judge's recommendations, as to Count III (unjust enrichment), Count VI

(negligence *per se*) or Count VIII (battery). See Doc. #53.  Finding the Magistrate

Judge's conclusions on those claims to be legally sound, the Court OVERRULES

the Defendants' Motion to Dismiss (Doc. #28) Counts III, VI and VIII, for the

reasons set forth by the Magistrate Judge, in her Report and Recommendations

(Doc. #45 at 10-13).

The claims remaining in contention are those for intentional fraudulent

concealment (Count IX), negligent fraudulent concealment (Count X), negligent

misrepresentation (Count XI) and civil conspiracy (Count XII).  The Court will

17

address each such claim, in turn.

    1.    <u>Intentional Fraudulent Concealment (Count IX) and Negligent</u>
    <u>Fraudulent Concealment (Count X)</u>

The Ohio Supreme Court instructs that the elements of a cause of action for

fraud are as follows:

    (a)    a representation or, <u>where there is a duty to disclose,</u>
            <u>concealment of a fact</u>;

    (b)    which is material to the transaction at hand;

    (c)    made falsely, with knowledge of its falsity, or with such utter
            disregard and recklessness as to whether it is true or false that
            knowledge may be inferred;

    (d)    with the intent of misleading another into relying upon it;

    (e)    justifiable reliance upon the representation or concealment; and

    (f)    a resulting injury proximately caused by the reliance.

<u>Williams v. Aetna Fin. Co.</u>, 83 Ohio St. 3d 464, 475, 700 N.E.2d 859 (1998)

(emphasis added) (quoting <u>Cohen v. Lamko, Inc.</u>, 10 Ohio St. 3d 167, 169, 462

N.E.2d 407, 409 (1984)); <u>see also</u> <u>Harris v. Huff</u>, 2010 Ohio 3678, ¶¶ 125-31,

2010 Ohio App. LEXIS 3140 (Ohio 11th App. Dist. Aug. 6, 2010) (same); <u>Norco</u>

<u>Equip. Co. v. Simtrex, Inc.</u>, 2009 Ohio 5562, ¶ 41, 2009 Ohio App. LEXIS 4687

(Ohio 8th App. Dist. Oct. 22, 2009) (same). As indicated by the first element, if a

complaint alleges concealment, it must also allege an underlying duty to speak.

"The duty to speak does not depend on the existence of a fiduciary relationship

between the parties. It may arise in any situation where one party imposes

18

confidence in the other because of that person's position, and the other party knows of this confidence." Central States Stamping Co. v. Term. Equip. Co., 727 F.2d 1405, 1409 (6th Cir. 1984) (citing Smith v. Patterson, 33 Ohio St. 70, 75-76 (1877)).

Upon her review of the present Amended Complaint, the Magistrate Judge concluded that it alleged each of the required elements of fraud with sufficient particularity. Doc. #45 at 14-17.  The Defendants object, arguing that the Amended Complaint does not sufficiently allege that Behr had a duty to speak or that Behr "concealed" any information. Doc. #53 at 6-7.  The Defendants also contend that the Amended Complaint offers no factual allegations "about the relationship between the parties, when the relationship arose, or how Plaintiffs' reliance on Defendants' alleged omissions was both reasonable and detrimental." Id. at 6.

Beginning with the second allegation first, the Court notes that the Defendants' reliance on these elements (the relationship between the parties, when the relationship arose, and whether the Plaintiffs' reliance on the Defendants' alleged omissions was both reasonable and detrimental) can be traced to a case that arose out of the Northern District of Ohio.  That District Court, in Randleman v. Fidelity National Title Insurance Co., determined that a plaintiff must allege the noted elements (as well as others), with reasonable particularly, in order to properly plead a claim of fraudulent concealment. Randleman, 465 F. Supp. 2d 812, 822 (N.D. Ohio 2006).  In support of the noted elements, the Court cited a case from a

19

North Carolina Court, <u>Nakell v. Liner Yankelevitz Sunshine & Regenstreif, LLP</u>, 394 F. Supp. 2d 762, 767 (M.D.N.C. 2005). With all due respect to the District Court from the Northern District of Ohio, when deciding the sufficiency of a pleading of an Ohio state law claim, this Court is compelled to adopt standards established by Ohio state courts, rather than North Carolina courts. Therefore, this Court will apply the fraud elements as set forth by the Ohio Supreme Court (which are similar, but not identical to, the ones established by the North Carolina District Court), as set forth above.

The Court now returns to the question of whether the Amended Complaint alleges, with sufficient particularity, the other challenged elements of the fraud claims, to wit: that Behr had a duty to speak and that Behr concealed information. Among other provisions in the Amended Complaint, the Plaintiffs point to the following, in support of their assertion that they have adequately pled the contested elements of their fraud claims:

- In support of the duty to speak, allegations pertaining to the physical proximity of Defendants' facility to Plaintiffs' properties, as well as Defendants' knowledge of the groundwater contamination that was migrating toward Plaintiffs' property, a fact that was not known to the Plaintiffs. Doc. #3 (Am. Compl.) ¶¶ 2, 3, 5, 13-16.

- In support of concealment, allegations pertaining to Defendants' concealment of information regarding the nature, extent and magnitude of the contamination that had migrated onto surrounding property.[5] <u>Id.</u> ¶¶ 9, 121-24, 139.

_____

[5]The Court finds it curious that the Defendants have argued that the Plaintiffs did not allege concealment (Doc. #53 at 6 ("Plaintiffs failed to allege with particularity a single action by Behr to 'conceal' information."), given the Amended

Docs. #30 at 26-27, #55 at 12-13. The Court agrees with the Magistrate Judge's

conclusion that these allegations provide the Defendants with sufficiently specific

notice of the substance of the Plaintiffs' fraud claims (specific to the duty to speak

and concealment), in order that the Defendants may prepare a responsive pleading,

as is required by Rule 9(b) and Ohio law. See e.g., Javitch v. First Montauk Fin.

Corp., 279 F. Supp. 2d 931, 940 (N.D. Ohio 2003) ("Thus, the nondisclosure of a

relevant fact is tantamount to fraudulent concealment where a duty arises on the

part of the person with knowledge of a material fact which impinges upon the

relationship.") (quoting Leal v. Holtvogt, 123 Ohio App.3d 51, 76, 702 N.E.2d

1246 (Ohio 2nd App. Dist. 1998)). The Court also concludes that these

allegations give sufficient notice to the Defendants as to the alleged duty to speak

and concealment, such as to render the Plaintiffs' fraud claims plausible, as is

required by Rule 12(b)(6). Therefore, the Defendants' Motion to Dismiss (Doc.

#28) is OVERRULED, as it pertains to the Plaintiffs' claims for intentional fraudulent

concealment (Count IX) and negligent fraudulent concealment (Count X).

---

Complaint's specific allegation that "Defendants negligently concealed and failed to
disclose to plaintiffs . . . material facts concerning the nature, extent, magnitude,
and effect of the exposure of plaintiffs . . . to the toxic and hazardous materials
and contaminants emitted, released, stored, handle[d], processed, transported,
and/or disposed of in and around the Facility and the surrounding environment."
Doc. #3 (Am. Compl.) ¶ 121.

2.    Negligent Misrepresentation (Count XI)

Ohio law defines the elements of the tort of negligent misrepresentation as

follows:

> One who, in the course of his business, profession or employment . . .
> supplies false information for the guidance of others in their business
> transactions, is subject to liability for pecuniary loss caused to them
> by their justifiable reliance upon the information, if he fails to exercise
> reasonable care or competence in obtaining or communicating the
> information.

HDM Flugservice GmbH v. Parker Hannifin Corp., 332 F.3d 1025, 1033 (6th Cir.

2003) (quoting Sindel v. Toledo Edison Co., 87 Ohio App. 3d 525, 622 N.E.2d

706, 710 (Ohio 3rd App. Dist. 1993), which quotes Restatement of Law, Torts 2d

§ 522 (1977)) (emphasis added).  "Further, negligent misrepresentation can only

be found where an affirmative false statement is made, not merely where the

statements are omitted." Camp St. Marys Ass'n v. Otterbein Homes, 176 Ohio

App. 3d 54, 69, 889 N.E.2d 1066 (Ohio 3rd App. Dist. 2008) (quoting Rockford

Homes, Inc. v. Handel, 2007 Ohio 2581, 2007 Ohio App. LEXIS 2405 (Ohio 5th

App. Dist. May 25, 2007)).

Upon her review of the Amended Complaint, the Magistrate Judge

concluded that it sufficiently alleged the elements of negligent misrepresentation.

Doc. #45 at 17-18.  The Defendants object, arguing that the "Plaintiffs' Amended

Complaint does not contain allegations of a single statement, let alone a false

statement, made by Defendants." Doc. #53 at 7.

The Court agrees with the Magistrate Judge and disagrees with the

22

Defendants.  The Amended Complaint alleges that the Defendants "ma[de] material misrepresentations regarding the character of their operations, their remediation efforts, and the risks posed to human health." Doc. #3 (Am. Compl.) ¶ 2.  The Court concludes that these allegations give sufficient notice to the Defendants, as to the alleged affirmative false statements made by them, such as to render the Plaintiffs' claim for negligent misrepresentation plausible.  Therefore, the Defendants' Motion to Dismiss (Doc. #28) is OVERRULED, as it pertains to the Plaintiffs' claim for negligent misrepresentation (Count XI).

### 3.   Civil Conspiracy (Count XII)

In Ohio, a civil conspiracy consists of "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." Morrow v. Reminger & Reminger Co. LPA, 183 Ohio App. 3d 40, 60, 915 N.E.2d 696 (Ohio 10th App. Dist. 2009) (quoting Kenty v. Transamerica Premium Ins. Co., 72 Ohio St.3d 415, 419, 1995 Ohio 61, 650 N.E.2d 863 (1995)).  With regard to pleading a civil conspiracy claim in Ohio, the same "must be pled with some degree of specificity, and vague or conclusory allegations that are unsupported by material facts will not be sufficient to state a claim." Ghaster v. City of Rocky River, 2010 U.S. Dist. LEXIS 71020, *33 (N.D. Ohio May 12, 2010) (quoting Avery v. City of Rossford, 145 Ohio App. 3d 155, 165, 762 N.E.2d 388 (Ohio Ct. App. 2001)); see also Jaco v. Bloechle, 739 F.2d

23

239, 245 (6th Cir. 1984) (determining that conclusory language void of factual allegations was insufficient to support conspiracy claim).

As with the other claims, the Magistrate Judge determined that the Amended Complaint sufficiently alleged a claim of civil conspiracy. Doc. #45 at 18-19.  The Defendants object, arguing that the Plaintiffs provide only "a vague allegation that the [D]efendants 'reached an agreement to act in concert', [but] fail to point to any specific facts that would support such a conclusory statement." Doc. #53 at 7-8 (quoting Doc. #3 (Am. Compl. ¶ 139)).

Nine paragraphs comprise the Amended Complaint's civil conspiracy claim. Doc. #3 (Am. Compl.) ¶¶ 136-44.  Pertinent to the challenged element of the claim ("a malicious combination of two or more persons"), the only assertions set forth therein read as follows:

> [The] Defendants reached agreement to act in concert to mask the true extent of contamination, thereby enabling the defendants to avoid taking all appropriate steps to remediate the facility and the surrounding environment or to mitigate dangers created by their release, discharge, storage, handling, processing, disposal of and dumping of hazardous substances at the facility and the surrounding environment. Acting in concert to affect these unlawful and wrongful acts and omissions, defendants inflicted damages upon the plaintiffs and the members of the class.

Id. ¶ 139 (emphasis added).  The Defendants argue that the Plaintiffs need to do more than to make the conclusory statements that the Defendants "reached [an] agreement to act in concert" and "act[ed] in concert".  The Court agrees.

As noted above, courts have required plaintiffs to plead a common law claim

24

for civil conspiracy with some degree of specificity, rather than simply rephrasing

the elements of the claim. The Plaintiffs' allegations that the Defendants "reached

an agreement to act in concert" and "acted in concert" are simply restatements of

the civil conspiracy element requiring "a malicious combination of two or more

persons". Nowhere in the remaining nine paragraphs of the civil conspiracy claim

(or elsewhere in the Amended Complaint, that the Court could locate) are there

factual allegations that support the conclusory statement that the Defendants

agreed to act in concert or did, in fact, act in concert. For example, the Amended

Complaint alleges that the Defendants (plural) wrongfully released and handled the

toxic substances, as well as alleging that each Defendant failed to take steps to

prevent or minimize the Plaintiffs' exposure, but does not allege that the

Defendants acted in concert when committing any of these wrongs. Doc. #3 (Am.

Compl.) ¶¶ 140-42. Other courts have found this sort of conclusory pleading to be

lacking, in common law civil conspiracy claims, and this Court agrees. E.g., Trans

Rail Am., Inc. v. Hubbard Twp., 2010 U.S. Dist. LEXIS 2682 (N.D. Ohio Jan. 13,

2010) (finding a pleading insufficient when it merely alleged "that numerous

individual defendants have committed wrongs," rather than alleging "a single fact

that would support a conclusion that the defendants had combined to wrong [the

plaintiff]"); In re Nat'l Century Fin. Enters., Inv. Litig., 504 F. Supp. 2d 287 (S.D.

Ohio 2007) (rejecting a complaint that rested on the bare allegation that the

defendants reached a "meeting of the minds" to harm the plaintiffs, but contained

no allegations "that would support the existence of a common understanding or shared objective" between the defendants; "The complaint fails to indicate what relationship the [defendants] may have had with these parties or when or how they reached a common understanding.").  Therefore, the Defendants' Motion to Dismiss (Doc. #28) is SUSTAINED, as it pertains to the Plaintiffs' claim for civil conspiracy (Count XII).

In their response to the Defendants' Motion to Dismiss, the Plaintiffs have requested leave to amend their Amended Complaint, should the Court conclude that it contained any pleading deficiencies. Doc. #30 at 9.  The Defendants have presented no arguments to the contrary, with regard to this request. See Docs. #31, #53.  Therefore, the Court grants the Plaintiffs leave to file a Second Amended Complaint, in order to plead the assertions with regard to their civil conspiracy claim with greater specificity, to the extent it is possible to do so within the bounds of Federal Rule of Civil Procedure 11.

VI.  Conclusion

The Defendants' Motion to Dismiss (Doc. #28) is SUSTAINED, as to the following claims:

- All claims pending against Defendant Behr Dayton Thermal Plant, LLC

- Count VII

26

- Count XII

- Count XIII

The Defendants' Motion to Dismiss (Doc. #28) is OVERRULED, as to all other claims in the Plaintiffs' Amended Complaint (Doc. #3). The Magistrate Judge's Report and Recommendations (Doc. #45) are ADOPTED, in part, and REJECTED, in part. The Defendants' objections thereto (Doc. #53) are OVERRULED, in part, and SUSTAINED, in part.

The Plaintiffs are instructed to file a Second Amended Complaint within 14 days from the date of this Decision. In so doing, the Plaintiffs may amend only the following: (1) omit all claims against Behr Dayton Thermal Plant, LLC; (2) add clarifying language as to whether they are seeking injunctive relief and, if so, what kind; (3) re-plead the civil conspiracy claim with greater specificity (to the extent it is possible to do so within the bounds of Federal Rule of Civil Procedure 11); and (4) add erroneously omitted page 5.

February 8, 2011

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Counsel of record

27