IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY SPEARS, *et al.*, :

    Plaintiffs, :

                                              Case No. 3:08-cv-331

    vs. :

                                              JUDGE WALTER HERBERT RICE

BEHR DAYTON THERMAL PRODUCTS :
LLC, *et al*.
                                              :

    Defendants.

---

DECISION AND ENTRY SUSTAINING NON-PARTY AMERICAN INTERNATIONAL GROUP, INC.'S RE-FILED MOTION TO QUASH SUBPOENA (DOC. #79)

On October 5, 2010, Plaintiffs' counsel issued a subpoena to non-party American International Group, Inc. ("AIG"), commanding AIG to produce certain documents in connection with the above-captioned case. Ex. A to Mem. in Support of Mot. to Quash Subpoena, Doc. #78. This matter is currently before the Court on AIG's Re-Filed Motion to Quash Subpoena. Doc. #79.

Along with the related cases of *First Property Group, Ltd. v. Behr Dayton Thermal Products, LLC*, No. 3:08-cv-329, and *Martin v. Behr Dayton Thermal Products, LLC*, No. 3:08-cv-326 (collectively, "the tort actions"), this case arises out of Defendants' use and storage of trichloroethylene ("TCE") and other hazardous chemicals at an automotive parts and analytical instruments facility located at 1600 Webster Street in Dayton, Ohio. Plaintiffs allege that these chemicals have contaminated Plaintiffs' groundwater and soil, posing a serious

health risk.

In April of 2009, one of the defendants, Chrysler, LLC, filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. *In re Old Carco LLC (f/k/a Chrysler LLC), et al.*, No. 09-50002. Pursuant to a January 21, 2010, Stipulation and Agreed Order issued by the Bankruptcy Court, Chrysler produced to Plaintiffs a copy of the Commercial Pollution Legal Liability Policy No. PLC 5844201 ("CSIC Policy"), issued by American International Specialty Lines Insurance Company (n/k/a Chartis Specialty Insurance Company, or "CSIC"), a member insurance company of AIG. Pursuant to the terms of that policy, CSIC has accepted the defense of Chrysler in the tort actions.

Plaintiffs have attempted to discover whether there are *other* insurance policies that might provide additional coverage. Accordingly, on October 5, 2010, Plaintiffs' counsel served a subpoena on AIG, through its authorized agent, Kathleen Shannon, at 70 Pine Street, New York, NY 10270. The subpoena was issued by the United States District Court for the Southern District of Ohio. It commands production of the following documents at German Rubenstein LLP, 19 West 44th Street, Suite 1500, New York, NY 10036, at 9:00 a.m. on October 20, 2010:

    1.    Any and all Insurance Policy(ies) and/or binders that You have that were issued to any Insured Party with respect to the Facility [at 1600 Webster Street, Dayton, Ohio] during the Relevant Time Period [from 1980 to the present].

2. Your entire client file of each Insured Party for each year during the Relevant Time Period, including, but not limited to, any and all (a) Communications between AIG and any Insured Party with respect to the Facility, (b) Communication between AIG and other insurance broker(s) with respect to an Insured Party and/or the Facility, (c) applications for any Insurance Policy, and (d) proposals for any Insurance Policy.

3. Your entire marketing file of each Insured Party for each year during the Relevant Time Period.

4. Any and all Documents (including litigation Documents) You have pertaining in any way to the Claim, which are not covered by the above requests.

Ex. A to Mem. in Support of Mot. to Quash Subpoena, Doc. #78.

AIG asks the Court to quash the subpoena for the following reasons: (1) it violates the scope of the January 21, 2010, Stipulation and Agreed Order issued by the Bankruptcy Court, modifying the automatic stay by requiring the production of the CSIC policy; (2) it was issued from the wrong court; and (3) it is overly broad and unduly burdensome.

The Court agrees that the subpoena is invalid and unenforceable because it was issued from the wrong court. Therefore, the Court need not address the alternative arguments.

Federal Rule of Civil Procedure 45(a)(2), governing the issuance of subpoenas, states, "[a] subpoena must issue as follows: . . . (C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). The subpoena at issue in this case did not require

attendance at a deposition. Rather, it required only the production or inspection of documents. Because that production and inspection was to take place in New York City, the subpoena should have been issued by the United States District Court for the Southern District of New York. *See James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C. 2002) (quashing subpoena compelling non-party to produce documents for inspection outside the judicial district of that court).[1]

For this reason, the Court SUSTAINS Non-Party AIG's Re-Filed Motion to Quash Subpoena, Doc. #79.

Date: September 6, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[1] The parties also cite cases interpreting Federal Rule of Civil Procedure 45(b)(2)(B), which governs the *service* of subpoenas. It states that a subpoena may be served at any place outside the district of the issuing court, if served within 100 miles of the place specified for the production or inspection. Because the subpoena was served in the same city specified for the production or inspection, this subsection of the rule is not implicated.